UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| JEREMY ROLFES, | CASE NO. 1:20-cv-00686 |
| Plaintiff, | OPINION & ORDER |
| v. | [Resolving Doc. 21] |
| MIKE DAVIS, et al., | |
| Defendants. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this civil rights action, *pro se* Plaintiff Jeremy Rolfes sued Religious Services Administrator Mike Davis[1] and the Ohio Department of Rehabilitation and Correction ("ODRC") under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").[2] Plaintiff Rolfes seeks injunctive relief and $350 in damages.[3]

Plaintiff Rolfes alleges that Defendants refused to accommodate his Messianic Jewish faith by denying him permission to abstain from work on the Sabbath and on High Holy Days, failing to provide him with "sack meals" following periods of fasting, and refusing to provide him with Kosher meals.[4]

Defendants move for summary judgment.[5] Plaintiff Rolfes opposes.[6]

---

[1] The Court construes Plaintiff's complaint as suing Defendant Davis in his official and individual capacities. *See Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc) ("[W]hile it is clearly preferable that plaintiffs explicitly state whether a defendant is sued in his or her 'individual capacity,' failure to do so is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice."). By referencing different types of immunities in the answer, Defendant Davis implicitly acknowledged the potential that he could be held liable in his individual and his official capacities. *See Cousins v. Rogers*, No. 318CR00026GFVTHAI, 2019 WL 3854684, at *5 (E.D. Ky. Aug. 16, 2019).
[2] Doc. 1.
[3] *Id.* at 8.
[4] Doc. 1 at 2–8.
[5] Doc. 21.
[6] Doc. 23.

Case No. 1:20-cv-00686
GWIN, J.

For the following reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' motion.

## I. Background

On March 30, 2020, Plaintiff Rolfes sued Defendants.[7]  In this case, Plaintiff alleges that Defendants illegally denied him accommodations in accordance with his claimed Messianic Jewish faith.[8]

Raised in the Christian faith, in 2012, Plaintiff Rolfes changed his religious affiliation to Judaism.[9]  At that time, Rolfes' requests for work exemptions, sack meals, and Kosher meals were accommodated.[10]  In 2016, after pressure from relatives and a crisis of faith due to his Christian upbringing, Plaintiff Rolfes changed his religious affiliation back to Christianity and declined further Jewish-related accommodations.[11]  Plaintiff Rolfes continued to reexamine his faith[12] and in April 2019 he changed his religious affiliation to Messianic Jewish.[13]

In conformity with ODRC policy, Plaintiff submitted a Request for Religious Accommodation.  With the request, Rolfes sought work exemptions, sack meals, and Kosher meals.[14]  He also sought religious items including a yarmulke.[15]  The Chaplain recommended

---

[7] Doc. 1.
[8] *Id.* at 2–7.
[9] Doc. 1 at 2–3; Doc. 21 at 2.  Plaintiff Rolfes was incarcerated at this time.
[10] Doc. 1 at 3; Doc. 21 at 2.
[11] Doc. 1 at 3; Doc. 21 at 2.
[12] Doc. 21-1 at 2.  Plaintiff Rolfes also requested accommodation for Kosher meals as a Protestant (Nazarene) in January 2019.
[13] Doc. 1 at 3; Doc. 21 at 2.
[14] Doc. 21-1 at 2; 22.
[15] Doc. 21-1 at 22.

Case No. 1:20-cv-00686
GWIN, J.

denying this request, with an opinion that Plaintiff Rolfes did not demonstrate a sincere religious belief. Defendant Davis concurred with this recommendation.[16]

This lawsuit followed.[17] Defendants now move for summary judgment.[18]

## II. Discussion

### A. Summary Judgment Standard.

A court will grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19] There is a genuine dispute as to a material fact when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."[20]

The Court "view[s] the evidence in the light most favorable to the nonmoving party."[21] But, the nonmoving party "must show sufficient evidence to create a genuine issue of material fact"[22] as to each of the claim's required elements.[23] Summary judgment may be granted "[i]f the evidence is merely colorable . . . or is not significantly probative."[24]

Plaintiff is *pro se*. *Pro se* pleadings are liberally construed and held to less stringent standards than counsel-drafted pleadings.[25] The Court broadly reads Plaintiff's filings to determine his claims' legal underpinnings.

---

[16] Doc. 21-1 at 2. Defendant Davis concluded that Plaintiff Rolfes' frequent change in religion indicated that he lacked a sincere belief in any one religious ideology. Defendant Davis further concluded that Plaintiff Rolfes' non-Kosher commissary purchases indicated that denying him Kosher meals would not substantially burden his religion.
[17] Doc. 1.
[18] Doc. 21.
[19] Fed. R. Civ. P. 56(a).
[20] *Peffer v. Stephens*, 880 F.3d 256, 262 (6th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[21] *Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, 954 F.3d 852, 859 (6th Cir. 2020) (citing *Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018)).
[22] *Klepper v. First Am. Bank*, 916 F.2d 337, 341–42 (6th Cir.1990) (citation omitted).
[23] *Id.* (noting that a scintilla of evidence is not enough to defeat a summary judgment motion).
[24] *Anderson*, 477 U.S. at 250–51.
[25] *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

Case No. 1:20-cv-00686
GWIN, J.

The Court finds that Plaintiff Rolfes has put forward sufficient evidence to preclude summary judgment on his claims against Defendant Davis in his official capacity for injunctive relief. Defendants are entitled to summary judgment on Plaintiff's other claims.

### B. Defendant ODRC is Entitled to Summary Judgment on Plaintiff's Claims.

The Eleventh Amendment protects states, including state agencies, from liability in federal lawsuits.[26] Plaintiff sues Defendant ODRC, a state agency.[27] The Eleventh Amendment stops this claim.

### C. Defendant Mike Davis is Entitled to Summary Judgment on Plaintiff's § 1983 Claim for Money Damages.

#### a. Defendant Davis in His Official Capacity.

Plaintiff sues Defendant Davis in his official capacity for $350 in filing fees. The Eleventh Amendment bars suits for money damages against state officials in their official capacity.[28] The Eleventh Amendment therefore stops this claim.

#### b. Defendant Davis in His Individual Capacity.

Plaintiff sues Defendant Davis in his individual capacity for $350 in filing fees. Qualified immunity stops this claim. The doctrine of qualified immunity bars § 1983 suits for money damages against state officials in their individual capacities unless the Plaintiff can establish that Defendant (1) violated a constitutional right, and (2) the right was "clearly established" at the time of the alleged events.[29] Qualified immunity will apply if, objectively,

---

[26] *Boler v. Earley*, 865 F.3d 391, 409–10 (6th Cir. 2017); *Proctor v. Bd. of Med.*, 718 Fed. App'x 325, 328 (6th Cir. 2017) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465, U.S. 89, 100 (1984)).

[27] *See Garcia v. Lorain Cnty. Ct. of Common Pleas*, No. 1:18-CV-00944, 2019 WL 1755649, at *3 (N.D. Ohio Apr. 19, 2019) (listing cases holding that ODRC qualifies as an arm of the State of Ohio).

[28] *Boler*, 865 F.3d at 409–10.

[29] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This Court can analyze these elements in any order. *Newell v. Cent. Mich. Univ. Bd. Of Trustees*, No. 20-1864, 2021 WL 3929220, at *5 (6th Cir. Sept. 2, 2021) (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

Case No. 1:20-cv-00686
GWIN, J.

a reasonable official in Defendant's position could have believed his conduct to be lawful, considering the law as it existed when he denied Plaintiff accommodations.[30]

Plaintiff Rolfes has failed to overcome this defense.[31] Defendant Davis could reasonably have believed it was permissible to deny Plaintiff Kosher meals and other accommodations given Defendant's doubts about the sincerity of Plaintiff's religious beliefs. Whether or not this Court agrees with Defendant's assessment, his decision cannot be considered objectively unreasonable.[32]

The Sixth Circuit has held that an incarcerated person's removal from the Kosher meal program did not violate his First Amendment rights where there are doubts about the sincerity of the person's religious beliefs.[33] Therefore Defendant Davis is entitled to qualified immunity.

### D. Defendant Mike Davis is Not Entitled to Summary Judgment on Plaintiff's Claims for Injunctive Relief.

*Ex Parte Young* allows plaintiffs to bring claims for prospective relief against state officials sued in their official capacity to prevent future constitutional or statutory violations, "regardless of whether compliance might have an ancillary effect on the state treasury."[34] To determine if *Ex Parte Young* applies, the Court must inquire into whether the complaint

---

[30] *See v. City of Elyria*, 502 F.3d 484, 491 (6th Cir. 2007) (internal citation omitted).
[31] *See Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009) (noting that plaintiff bears the burden of showing that defendants are not entitled to qualified immunity).
[32] *See Poe v. Haydon*, 853 F.2d 418, 423 (6th Cir. 1988) ("whether an official 'may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action") (internal citation omitted).
[33] *See Berryman v. Granholm*, 343 Fed. App'x 1, 6 (6th Cir. 2009).
[34] *Ex Parte Young*, 209 U.S. 123, 167 (1908); *S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (describing *Ex Parte Young* as an exception to a State's sovereign immunity).

Case No. 1:20-cv-00686
GWIN, J.

alleges "an ongoing violation of federal law and seeks relief properly characterized as prospective."[35]

Plaintiff Rolfes alleges an ongoing violation of his First Amendment rights and his rights under RLUIPA.[36] He seeks prospective relief: recognition of his Messianic Jewish faith, permission to abstain from work on the Sabbath and on High Holy Days, provision of "sack meals" following periods of fasting, and Kosher meals.[37] Accordingly, Plaintiff Rolfes' claims for injunctive relief against Defendant Davis in his official capacity can continue.

### a. Plaintiff's Claim for Injunctive Relief Under RLUIPA.

Plaintiff Rolfes argues that Defendant Davis' denial of his request for religious accommodations violated RLUIPA.[38] RLUIPA prevents the government from imposing a substantial burden on the religious exercise of incarcerated persons unless the government establishes that the burden furthers "a compelling governmental interest" and does so by "the least restrictive means."[39]

There is genuine dispute as to material facts regarding whether Defendant Davis' denial of Plaintiff Rolfes' request for religious accommodations violated RLUIPA. Therefore, summary judgment on this claim is denied.

### i. Sincerely Held Religious Belief.

Whether Plaintiff Rolfes' request for religious accommodations is grounded in a sincerely held religious belief is a factual determination and will not be dismissed on summary judgment.[40]

Plaintiff Rolfes describes his religious journey and his decision to affiliate with the Messianic Jewish faith.[41] He grounds his requests for work allowances and Kosher meals in

---

[35] *Boler*, 865 F.3d at 412 (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

- 6 -

Case No. 1:20-cv-00686
GWIN, J.

the teachings of the Torah.[42] Defendants argue that Plaintiff's claim to have a sincerely held belief in keeping Kosher is belied by his commissary purchases and history of switching religions.[43]

If Plaintiff Rolfes' faith is religiously based at the time it is asserted, it does not matter whether it was derived over time, through a gradual evolution of his beliefs.[44] Therefore, the fact that he had previously declared his religion as Christian does not prevent his current religious beliefs from being sincerely held. Plaintiff also argues that his non-Kosher commissary purchases were used to trade with other incarcerated people to get more Kosher items.[45] In light of this disputed fact, the Court finds that an issue of fact exists as to whether, at the time his request was denied, Plaintiff's sincerely held religious belief required the accommodations.

### ii. Substantial Burden.

In addition, genuine dispute exists as to whether denying Plaintiff Rolfes' time off work and Kosher meals substantially burdened the exercise of his religion. The Supreme Court has held that a substantial burden exists when an inmate is required to "engage in conduct that seriously violates [his] religious beliefs."[46] The Sixth Circuit has held that a

---

[36] Doc. 1 at 2–8; Doc. 21 at 8–15.
[37] Doc. 1 at 7–8.
[38] Doc. 1.
[39] 42 U.S.C. § 2000cc-1. The plaintiff bears the burden of showing that "the relevant exercise of religion is grounded in a sincerely held religious belief" and that the challenged "policy substantially burdened that exercise of religion." Then the burden shifts to the defendant. *Holt v. Hobbs*, 574 U.S. 352, 361–62 (2015).
[40] *See Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 983 (8th Cir. 2004).
[41] Doc. 1 at 2–3.
[42] Doc. 21-1 at 18–19.
[43] Doc. 21 at 1–2; 9.
[44] *See Hobbie v. Unemployment Appeals Comm'n of Fla.*, 480 U.S. 136, 144 (1987). *See also Turner v. Ohio Dep't of Rehab. & Corr.*, No. 2:19-CV-02376, 2021 WL 2158179, at *5 (S.D. Ohio May 27, 2021), *report and recommendation adopted*, No. 2:19-CV-2376, 2021 WL 3486328 (S.D. Ohio Aug. 9, 2021) (finding that Plaintiff's failure to request Kosher meals during previous incarceration does not require conclusion that his current beliefs were insincere).
[45] Doc. 23 at 5.
[46] *Holt*, 574 U.S. at 361.

Case No. 1:20-cv-00686
GWIN, J.

substantial burden exists when the government "place[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs . . . or effectively bar[s] his sincere faith-based conduct."[47] When an incarcerated person's religion requires adherence to a specific diet, prison officials' refusal to accommodate this diet would impose a substantial burden.[48]

An issue of fact exists as to whether Plaintiff's request for accommodations was based on a sincerely held religious belief. Therefore, the extent to which the denial of these accommodations substantially burdened Plaintiff is in dispute.

### iii. Compelling Government Interest and Least Restrictive Means.

Once Plaintiff Rolfes has demonstrated that Defendant Davis imposed a substantial burden on Plaintiff's religious exercise, Defendant must show that the burden furthers "a compelling governmental interest" by "the least restrictive means".[49] When the moving party also bears the burden of persuasion at trial, to prevail on summary judgment that

---

[47] *New Doe Child #1 v. Cong. of U.S.*, 891 F.3d 578, 589 (6th Cir. 2018) (internal citation omitted).
[48] *See Heard v. Caruso*, 351 Fed. App'x 1, 10 (6th Cir. 2009); *Alexander v. Carrick*, 31 Fed. App'x 176, 179 (6th Cir. 2002) (prisons "must provide an adequate diet without violating the inmate's religious dietary restrictions").
[49] 42 U.S.C. § 2000cc-1. *See Cutter v. Wilkinson*, 544 U.S. 709, 715 (2005).

Case No. 1:20-cv-00686
GWIN, J.

party must support its motion with "credible evidence that would entitle it to a directed verdict if not controverted at trial."[50] Defendant Davis does not meet that threshold.

Defendant argues expanding access to Kosher meals to an incarcerated person who does not hold sincere religious beliefs would cost more and could somehow impact prison discipline and security.[51]

While maintaining order and security are important government interests, some small additional meal cost is not an obvious compelling governmental interest.[52]

Defendants argue that Plaintiff Rolfes' beliefs are not sincerely held.[53] Rolfes obviously disputes this. And this Court cannot say Rolfes' sincerity cannot be disputed.

Similarly, there is insufficient evidence regarding whether requiring Rolfes to work on the Sabbath and requiring Rolfes to eat non-Kosher food is the least restrictive means given the dispute regarding whether his religious beliefs are sincerely held.

Therefore, material issues of fact preclude summary judgment for Defendant Davis on Plaintiff Rolfes' claim for injunctive relief under RLUIPA.

### b. Plaintiff's Claim for Injunctive Relief Under the First Amendment.

Plaintiff Rolfes argues that Defendant Davis' denial of his request for religious accommodations violated the First Amendment.[54] In assessing a claim under the Free Exercise Clause of the First Amendment, the first question is whether "the belief or practice

---

[50] *Timmer v. Mich. Dept. of Com.*, 104 F.3d 833, 843 (6th Cir. 1997).
[51] Doc. 21 at 14–15.
[52] *See Cutter*, 544 U.S. at 722.
[53] *See* Doc. 21 at 15 ("Allowing any inmate, regardless of religious belief, to receive Kosher meals would unnecessarily increase costs.").
[54] Doc. 1 at 2–8.

Case No. 1:20-cv-00686
GWIN, J.

asserted is religious" and is "sincerely held."[55]  If the answer is yes, courts go on to consider whether the prison's action was nonetheless reasonable.[56]

The Court considers four factors in assessing a prison action's reasonableness: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) whether a prisoner has alternative means of exercising the asserted right; (3) the impact that accommodating the right will have on guards, other prisoners, and the allocation of prison resources; and (4) whether there are alternatives available that accommodate the prisoner's rights at a minimal cost to penological interests.[57]  Once the first factor is proved by the Defendant, the next three factors are considered together.[58]

As discussed, an issue of fact exists as to whether Plaintiff Rolfes' request for religious accommodations is grounded in a sincerely held religious belief.

The Court then turns to the reasonableness analysis.

Defendant Davis asserts that Plaintiff's history of changing religious affiliations and non-Kosher commissary purchases show that Plaintiff's religious beliefs were not sincere.[59]

---

[55] *Maye v. Klee*, 915 F.3d 1076, 1083 (6th Cir. 2019) (citing *Kent v. Johnson*, 821 F.2d 1220, 1224 (6th Cir. 1987)).
[56] *Turner v. Safley*, 482 U.S. 78, 89 (1987).
[57] *Id.*
[58] *Flagner v. Wilkinson*, 241 F.3d 475, 484 (6th Cir. 2001).
[59] Doc. 21 at 13.

Case No. 1:20-cv-00686
GWIN, J.

Davis argues there is a rational connection between prison policies limiting Kosher meals to inmates with sincerely held beliefs and budgetary and security concerns.[60]

Because Defendant Davis' "argument for summary judgment essentially stands or falls on the issue of the sincerity of [] Plaintiff's religious beliefs" and a genuine issue of material fact exists on that issue, summary judgment is not appropriate.[61]

Accordingly, the Court need not analyze the remaining *Turner* factors.[62]

Material issues of fact preclude summary judgment for Defendant Davis on Plaintiff Rolfes' claim for injunctive relief under the First Amendment.

### III.     Conclusion

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Defendant's motion.

IT IS SO ORDERED.

Dated: October 4, 2021          *s/      James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[60] *Id.*

[61] *See Turner*, 2021 WL 2158179 at *7 (denying summary judgment where defendant set forth adequate penological justifications for the policy of denying Kosher meals to inmates who are not sincere in their beliefs, but failed to explain what purpose is served by denying Kosher meals to inmates who are sincere); *Horacek v. Burnett*, No. 07-11885, 2008 WL 4427825, at *8 (E.D. Mich. Aug. 19, 2008), *report and recommendation adopted in part*, No. 07-11885, 2008 WL 4427792 (E.D. Mich. Sept. 30, 2008) (same).

[62] *Turner*, 2021 WL 2158179 at *7.